UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YESSENIA CASTILLO, | Case No. C23-00479RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| PUGET SOUND ENERGY, | |
| Defendant. | |

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Yessenia Castillo was granted leave to proceed *in forma pauperis* in this matter on March 29, 2023. Dkt. #4. The Complaint has been posted on the docket. Dkt. #5. Summons has not yet been issued.

Ms. Castillo pleads the Court "has jurisdiction due to the diversity of citizenship between the parties as stated in 28 USC 1332." *Id*. at 1. No other source of subject matter jurisdiction is listed.

Ms. Castillo states that her address is 14110 NE 179th Street, #27 in Woodinville, Washington. This is how the Court will be able to contact Plaintiff; it appears to be a residential address. The Defendant, Puget Sound Energy, is an organization located in Bellevue, Washington. This case has something to do with Puget Sound Energy bills sent to Ms. Castillo at her address, above. *See id.* at 12. The amount owed to Puget Sound Energy appears to be

ORDER OF DISMISSAL - 1

less than $1,000.  The pleading and her own attachments indicate that Ms. Castillo is a resident of Washington State.  To the contrary, she pleads she is "People of United States of America, National non-citizen, nonresident, non-subject, native of Connecticut Republic," *id.* at 1, but offers no evidence or credible argument that she resides outside Washington State. Accordingly, because the parties reside in the same state, and given the amount in dispute, it is unclear how the Court has subject matter jurisdiction over this case.  *See* 28 U.S.C. § 1332. Ms. Castillo does not plead, in a plausible way, a federal cause of action.  Ms. Castillo's energy bill dispute should almost certainly be handled outside of federal court.

Turning to the substance of the Complaint, Ms. Castillo appears to argue that she should be able to pay off her Puget Sound Energy bill with a single dollar of US currency, or with a money order "from the Yesse El Living Trust," or with a Bill of Exchange.  Dkt. #6 at 1. Ms. Castillo asks the Court to command Puget Sound Energy to "produce for the record, the Legislative Act that created their Authority to 1) enforce an instrument they are not in possession of, 2) to lend services as required by Law."  *Id*. at 2. The Complaint repeatedly refers to possession of a note, but this case does not involve a home mortgage or other type of loan.  Ms. Castillo has attached letters from Puget Sound Energy indicating that it cannot accept her payment because "the paperwork you sent us is not negotiable."  *Id*. at 16.

The Court reviewed the Complaint for frivolousness under 28 U.S.C. § 1915(e)(2)(B) and pointed out all of the above in its April 3, 2023, Order to Show Cause.  Dkt. #6.  The Court directed Plaintiff Castillo to file a response explaining (1) why this Court has subject matter jurisdiction over this case, (2) why this case should not be dismissed as frivolous.  *Id*.  Ms. Castillo was given 30 days to respond.  She has failed to file a timely response.

ORDER OF DISMISSAL - 2

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

It appears to the Court that Defendant Puget Sound Energy is simply trying to collect payment for a utility bill. Ms. Castillo would prefer to not pay that bill. On this record, there is no basis for the Court to command Puget Sound Energy to do anything, even if the Court had jurisdiction over this case. The Court finds that it does not have subject matter jurisdiction and that dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court hereby finds and ORDERS that Plaintiff's claims are DISMISSED. This case is CLOSED.

DATED this 9th day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3